# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FRANK M. PECK,<br>　　Plaintiff,<br>　　v.<br>JENNIFER DORSEY, C.B. KIRSCHNER, and JOHN AND JANE DOE ATTORNEYS,<br>　　Defendants. | No. 2:19-cv-01023-SAB<br><br>**ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915A** |

　　Before the Court are Plaintiff's Amended Complaint, ECF No. 14, Motion for Temporary Restraining Order, ECF No. 15, and Motion for Preliminary Injunction, ECF No. 16. Plaintiff is representing himself *pro se* and Defendants have not made an appearance. This matter is—essentially—a collateral attack on Plaintiff's ongoing habeas petition before Defendant Judge Dorsey. Having considered Plaintiff's motions, the record in this case, and applicable law, the Court dismisses Plaintiff's motions *sua sponte* pursuant to its screening authority under 28 U.S.C. § 1915A.

## Facts

　　Plaintiff filed an amended *pro se* § 1983 complaint on August 29, 2019, seeking a temporary restraining order and a preliminary injunction against Judge Dorsey, Ms. Kirschner (his appointed attorney from the Federal Public Defenders for the District of Nevada), and various anonymous John and Jane Doe attorneys.

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A \* 1**

ECF No. 14. All of Plaintiff's claims against the Defendants arise from their involvement in Plaintiff's pending habeas petition before Judge Dorsey, *Peck v. Williams*, Case No. 17-cv-01620.

Plaintiff alleges that Judge Dorsey "violated [his] 'anti-interference right' in presentation of [his] const[itutional] and habeas claims," violated his First Amendment right to petition the federal government for redress of grievances, and violated his Fourteenth Amendment right to due process. *Id.* at 2. In particular, Plaintiff alleges that Judge Dorsey violated his First Amendment rights by appointing Ms. Kirschner to be his attorney over his objections and that the appointment was done as retaliation for exercising his right to litigate. *Id.* In addition, Plaintiff alleges Judge Dorsey violated his rights by failing to screen his habeas petition pursuant to the rules governing review of § 2254 petitions. *Id.* at 4-5. Finally, Plaintiff alleges that Judge Dorsey violated his right to litigate without interference when she designated him a "restricted filer" in his habeas case. *Id.*

Plaintiff alleges that Ms. Kirschner violated his right to litigate without interference by appearing in his habeas case without his authorization. *Id.* at 6. In addition, Plaintiff alleges that Ms. Kirschner violated the Nevada Rules of Professional Conduct by citing capital punishment cases as authority for her representation and by failing to address facts regarding the DNA evidence introduced against him in his habeas case. *Id.* Plaintiff raises similar claims against the Doe Defendants but does not provide additional facts for these claims. *Id.* at 7.

Plaintiff seeks injunctive relief, removal of counsel and restoration of his *pro se* status, removal of Judge Dorsey from his habeas case, and that a new judge be assigned to his habeas case. *Id.* at 10. In addition, Plaintiff requests that the new judge appointed to his case screen his habeas petition as provided by the Rules Governing § 2254 Cases. Finally, Plaintiff requests that Ms. Kirschner and the Doe attorneys be referred to the Nevada Bar Association for sanctions.

//

## 28 U.S.C. § 1915A

The Prison Litigation Reform Act provides that a district court must review a complaint in a civil action in which a prisoner seeks redress from a governmental entity, officer, or employee before or soon after docketing. 28 U.S.C. § 1915A(a). "A court may screen a complaint pursuant to § 1915A only if, at the time the complaint is filed, the plaintiff is incarcerated or detained in any facility because he is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary programs." *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (per curiam) (quotation marks omitted).

Upon review, the court shall identify cognizable claims or *sua sponte* dismiss the complaint (or any portion of the complaint) if the complaint is (1) frivolous, malicious, or fails to state a claim upon which relief can be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous if it is not grounded in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded in part by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (2000). A complaint is malicious if it was filed with the intention or desire to harm another. *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016).

A complaint fails to state a claim if it does not meet the standards of Federal Rule of Civil Procedure 12(b)(6); that is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive § 1915A. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The complaint must contain more than a "formulaic recitation of the elements of a cause of

action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570.

*Pro se* complaints are construed "liberally" and should generally be dismissed without prejudice unless it is absolutely clear that deficiencies in the complaint cannot be cured by amendment. *Nordstrom*, 762 F.3d at 908. (*citing Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011)). If the court determines that any of the § 1915A(b) grounds are satisfied, it must dismiss the case and enter a "strike" against the plaintiff prisoner. *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).

## 42 U.S.C. § 1983

Plaintiff's claims against Defendants are presented as § 1983 claims. Section 1983 provides a cause of action against a person acting under color of state law for violations of rights guaranteed by the federal Constitution or federal law. *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015). A person acts under color of state law where she has "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotations omitted). Conduct that amounts to state action for purposes of the 14th Amendment is conduct under the color of state law for purposes of § 1983. *Id.* at 49; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982). Federal officials and employees are "persons" for purposes of § 1983 if they conspired with or worked in concert with state officials under color of state law to deprive a person of her federal rights. *Cabrera v. Martin*, 973 F.2d 735, 741 (9th Cir. 1992). However, federal employees acting pursuant to federal law are not acting "under color of state law" and are not proper defendants in a § 1983 action. *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995).

//

//

## Discussion

First, the Court has jurisdiction to screen Plaintiff's complaint and motions pursuant to § 1915A. Plaintiff is currently incarcerated at the High Desert State Prison in Indian Springs, Nevada. He falls into the Prison Litigation Reform Act's definition of a "prisoner."

Having determined that the Court has authority to screen Plaintiff's petition, the Court now turns to Plaintiff's claims against each Defendant. For the reasons discussed below, the Court concludes that Plaintiff's claims should be dismissed *sua sponte* because his complaints fail to state claims for which relief can be granted.

### 1. Claims Against Judge Dorsey

Plaintiff alleges that Judge Dorsey violated his First and Fourteenth Amendment rights by appointing him counsel against his wishes, classifying him as a restricted filer in his underlying habeas case, and for failing to screen his habeas petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. ECF No. 14 at 2. In particular, Plaintiff alleges that Judge Dorsey has violated his right to litigate without active interference. *Id.* at 3 (*citing Silva*, 658 F.3d 1090, *overruled on other grounds by Coleman v. Tollefson*, -- U.S. ---, 135 S. Ct. 1759 (2015)). Plaintiff also alleges that Judge Dorsey has abused her discretion by not screening his habeas petition in a timely manner.

Plaintiff's allegations against Judge Dorsey fail to state a claim for which relief could be granted because he does not meet the requirements of a § 1983 claim. First, Plaintiff does not allege that Judge Dorsey acted under color of state law; rather, Judge Dorsey acted pursuant to federal law to appoint him counsel and to designate him a restricted filter. Second, Plaintiff has failed to show that Judge Dorsey is a "person" for purposes of § 1983. Judge Dorsey is a federal employee and Plaintiff introduced no evidence that she acted in concert with state employees, officers, or agencies to deprive Plaintiff of any federal right. In addition, as a

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A * 5**

federal judge, Judge Dorsey is protected from suit by the doctrine of judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Judge Dorsey's act of appointing Plaintiff counsel is undoubtedly a judicial act and she is absolutely immune from liability for this act. *Id.* (finding that judges are immune from suit for actions taken in their judicial capacity). Therefore, because Plaintiff fails to meet the requirements of a § 1983 claim, Plaintiff fails to state a claim under § 1915A(b)(1). Accordingly, the claims against Judge Dorsey are dismissed.

  2. Claims Against Ms. Kirschner

Plaintiff brings similar claims against his court-appointed attorney, Assistant Federal Public Defender C.B. Kirschner. Plaintiff alleges that Ms. Kirschner violated his right to litigate without active interference by appearing without his authorization in his habeas case. ECF No. 14 at 6. In addition, Plaintiff alleges that Ms. Kirschner has violated the Nevada Rules of Professional Conduct by citing to capital punishment cases as authority to "force counsel" on him; Plaintiff alleges that Ms. Kirschner's appearance as his attorney violates his right to petition the government for redress of grievances and his right to litigate his own claims. *Id.*

As with the claims against Judge Dorsey, Plaintiff fails to state a cognizable claim against Ms. Kirschner because he fails to meet the requirements of § 1983. Plaintiff does not show that Ms. Kirschner acted under color of state law; indeed, Ms. Kirschner acted pursuant to federal law in her representation of Plaintiff. Furthermore, Plaintiff fails to show that Ms. Kirschner is a "person" for purposes of § 1983. Ms. Kirschner is a federal employee and Plaintiff introduced no evidence she acted in concert with the state or state employees. Accordingly, Plaintiff fails to state a claim against Ms. Kirschner and the Court dismisses those claims pursuant to § 1915A(b)(1).

  3. Claims Against John and Jane Doe Attorneys

Finally, Plaintiff alleges the same claims against the John and Jane Doe attorneys as he raised against Ms. Kirschner. ECF No. 14 at 7. No further facts are

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A** * 6

provided to support these claims. For the reasons that the claims against Ms. Kirschner are dismissed, Plaintiff's claims against the John and Jane Doe attorneys are also dismissed. Plaintiff does not allege that the Doe attorneys acted under color of state law or that they are "persons" for purposes of § 1983. Accordingly, the Court *sua sponte* dismisses the claims against the Doe attorneys pursuant to its authority under § 1915A(b)(1).

### Opportunity to Amend or Voluntarily Dismiss Complaint

In general, leave to amend should be granted following dismissal of a complaint unless it is absolutely clear that amendment would be futile. *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010); Fed. R. Civ. P. 15(a). As discussed above, Plaintiff's claims against the various Defendants are dismissed for failure to properly state a claim under § 1983. Accordingly, Plaintiff is granted leave to amend his complaints so as to properly allege whether Defendants violated his federal rights under color of state law. Plaintiff may submit an amended complaint within **sixty (60) days** of the date of this Order which must include sufficient facts to state a claim upon which relief may be granted.

Plaintiff's amended complaint shall consist of a **short** and **plain** statement showing he is entitled to relief. Plaintiff shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Furthermore, Plaintiff shall set forth his factual allegations in separate numbered paragraphs. THIS AMENDED COMPLAINT WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE PRESENT COMPLAINT. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A** * 7

retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **IT MUST BE CLEARLY LABELED THE "FIRST AMENDED COMPLAINT" and cause number 2:19-cv-00084-SAB must be written in the caption.**

If Plaintiff fails to amend within sixty (60) days as directed, the Court will dismiss the Complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner, who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

If Plaintiff chooses to amend his complaint and the Court finds the amended complaint is frivolous, malicious, or fails to state a claim, the amended complaint will be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2). Such a dismissal would count as one of the dismissals under 28 U.S.C. § 1915(g). Alternatively, the Court will permit Plaintiff to voluntarily dismiss his Complaint pursuant to Federal Rule of Civil Procedure 41(a). Plaintiff may submit the attached Motion to Voluntarily Dismiss the Complaint within **sixty (60) days** of the date of this Order or risk dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), and a "strike" under 28 U.S.C. § 1915(g). A voluntary dismissal within this sixty (60) day period will not count as a strike.

Accordingly**, IT IS HEREBY ORDERED**:

1. Plaintiff's Amended Complaint, ECF No. 14, is **DISMISSED without prejudice**.

2. Plaintiff's Motion for Temporary Restraining Order, ECF No. 15, is **DENIED.**

3. Plaintiff's Motion for Preliminary Injunction, ECF No. 16, is **DENIED**.

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A \* 8**

4. Any other outstanding motions are **DISMISSED as moot**.

**IT IS HEREBY ORDERED**. The District Court Clerk is hereby directed to enter this Order and forward a copy to Plaintiff, along with a form Motion to Voluntarily Dismiss Complaint and a civil rights complaint form.

**DATED** this 3rd day of December 2019.

*Stanley A. Bastian*
Stanley A. Bastian
United States District Judge

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A** * 9