UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK M. PECK,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA; JENNIFER A. DORSEY; DAVID S. DOTY; GREGORY M. SLEET; RENE L. VALLARDES; COURTNEY B. KIRSCHNER; AND JOHN DOES<br><br>    Defendants. | No. 2:19-cv-01023-SAB<br><br>**ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915A** |

    Before the Court is Plaintiff's First Amended Civil Rights Complaint Pursuant to § 1983 and/or Bivens Action and Motion for Injunctive Relief and Restraining Order to Prevent Irreparable Harm to *Peck v. Williams*, Case No. 2:17-cv-01620-JAD-VCE per 28 U.S.C. § 2254, ECF No. 37. Plaintiff is representing himself *pro se*. Defendants have not made an appearance. This is the second time the Court has screened a complaint from Plaintiff in this matter. As with the first complaint, this matter is—essentially—an attack on Plaintiff's habeas petition pending before Judge Dorsey. Having considered Plaintiff's motions, the record in this case, and applicable law, the Court dismisses Plaintiff's motions *sua sponte* pursuant to its screening authority under 28 U.S.C. § 1915A.

//

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A \* 1**

## Facts

Plaintiff filed an amended *pro se* § 1983 complaint on August 29, 2019, seeking a temporary restraining order and a preliminary injunction against Judge Dorsey, Courtney Kirshner, and various anonymous John and Jane Doe attorneys. ECF No. 14. All of Plaintiff's claims against the Defendants arise from their involvement in Plaintiff's pending habeas petition before Judge Dorsey, *Peck v. Williams*, Case No. 17-cv-01620-JAD-VCF. The Court dismissed Plaintiff's First Amended Complaint, ECF No. 14, pursuant to 28 U.S.C. § 1915A for failure to state a valid claim and granted him leave to amend. ECF No. 32.

In this amended complaint, Plaintiff brings claims against Judge Jennifer Dorsey from the District of Nevada, Judge David S. Doty of the District of Minnesota, retired Judge Gregory M. Sleet of the District of Delaware, Rene L. Vallardes and Courtney B. Kirschner of the Federal Public Defenders of Nevada, John Does from state and federal crime labs and the FBI. Plaintiff argues that his claims are "designed for the specific end to regain control of [Plaintiff's] case illegally seized by the government to continue the silencing of [Plaintiff's] never before litigated claims exposing government fraud in the application of forensic DNA" in his underlying criminal conviction and habeas petition. ECF No. 37 at 4. In particular, Plaintiff argues that the various Defendants have engaged in a conspiracy to defraud Plaintiff and violate his First Amendment rights to petition the government for redress of grievances, his Fourteenth Amendment rights to due process and equal protection, and his Fourth Amendment right to be free of unreasonable searches and seizures. *Id.* at 5. Plaintiff further argues that Judge Dorsey, Ms. Kirschner, and Mr. Vallardes colluded with the investigators and crime lab involved in his 2009 state-court prosecution in a "symbiotic venture" to keep Plaintiff from exposing the falsity of the evidence on which he was convicted in his habeas petition. *Id.* Plaintiff requests injunctive relief removing his court-

appointed counsel and reinstating his status as pro se immediate screening of his habeas petition, as well as a refund of his filing fee. *Id.* at 16.

## 28 U.S.C. § 1915A

The Prison Litigation Reform Act provides that a district court must review a complaint in a civil action in which a prisoner seeks redress from a governmental entity, officer, or employee before or soon after docketing. 28 U.S.C. § 1915A(a). "A court may screen a complaint pursuant to § 1915A only if, at the time the complaint is filed, the plaintiff is incarcerated or detained in any facility because he is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary programs." *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (per curiam) (quotation marks omitted).

Upon review, the court shall identify cognizable claims or *sua sponte* dismiss the complaint (or any portion of the complaint) if the complaint is (1) frivolous, malicious, or fails to state a claim upon which relief can be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous if it is not grounded in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded in part by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (2000). A complaint is malicious if it was filed with the intention or desire to harm another. *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016).

A complaint fails to state a claim if it does not meet the standards of Federal Rule of Civil Procedure 12(b)(6); that is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive § 1915A. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The complaint

must contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570.

*Pro se* complaints are construed "liberally" and should generally be dismissed without prejudice unless it is absolutely clear that deficiencies in the complaint cannot be cured by amendment. *Nordstrom*, 762 F.3d at 908 (*citing Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011)). However, even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). In addition, in order to find liability under either a § 1983 or *Bivens* theory of liability, the plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If the court determines that any of the § 1915A(b) grounds are satisfied, it must dismiss the case and enter a "strike" against the plaintiff prisoner. *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).

## Legal Standard

Plaintiff's claims against Defendants are presented as § 1983 claims and *Bivens* claims. Although Plaintiff does not say which standard applies to which claims, the Court will consider both theories. The standards for each of these claims are detailed below.

//

//

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A * 4**

1. § 1983 Claims

42 U.S.C. § 1983 provides a cause of action against a person acting under color of state law for violations of rights guaranteed by the federal Constitution or federal law. *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015). In general, federal employees acting pursuant to federal law are not acting "under color of state law" and are not proper defendants in a § 1983 action. *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995). Thus, to state a § 1983 claim against a federal officer, the plaintiff must show that the person acted under color of state law. A person acts under color of state law where she has "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotations omitted). Federal officials and employees are "persons" for purposes of § 1983 if they conspired with or worked in concert with state officials under color of state law to deprive a person of her federal rights. *Cabrera v. Martin*, 973 F.2d 735, 741 (9th Cir. 1992). To show a conspiracy between state and federal parties under § 1983, the plaintiff must show an agreement or meeting of the minds to violate the plaintiff's constitutional rights, but he need not show that each participant knew the exact details of the plan. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc). However, conclusory allegations are insufficient to state a claim of conspiracy. *Simmons v. Sacramento Cnty. Sup. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003).

2. Bivens Claims

No federal statute authorizes federal courts to hear suits against federal officers who violate the Constitution. However, the Supreme Court has long held that federal officers may be sued for injunctive relief to prevent future infringements of federal law. *See, e.g., Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949). In addition, the Supreme Court has inferred a narrow cause of action against federal officers for damages directly from the text of the

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A * 5**

Constitution. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Fourth Amendment violation related to warrantless search and seizure); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment violation related to a prison officials' denial of medical care); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment due process clause violation based on discrimination on the basis of sex in federal employment). Courts generally apply the same standards in both § 1983 claims and *Bivens* claims. *See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 809 (1982).

However, it is not enough that the plaintiff allege he suffered a violation of the same general right as one of the three recognized grounds for a *Bivens* claim. The Supreme Court has recently held that, it will not expand the *Bivens* cause of action to contexts that are "different in a meaningful way from previous *Bivens* cases" decided by the Court. *Hernandez v. Mesa*, 589 U.S. ---, ---, No. 17-1678, 2020 WL 889193 at *5 (2020) (quoting *Ziglar v. Abbasi*, 582 U.S. ---, 137 S. Ct. 1843, 1859-60 (2017)). Therefore, in order to have a cognizable *Bivens* claim, a plaintiff must allege that their claim is both factually and legally similar to *Bivens* claims previously decided by the Supreme Court. *Id.* at *6-*7. If either of these elements are dissimilar, the Court will not find that the plaintiff has stated a cognizable *Bivens* claim.

### Discussion

First, the Court has jurisdiction to screen Plaintiff's complaint and motions pursuant to § 1915A. Plaintiff is currently incarcerated at the High Desert State Prison in Indian Springs, Nevada. He falls into the Prison Litigation Reform Act's definition of a "prisoner."

As discussed above, Plaintiff claims that Judge Dorsey, Ms. Kirschner, and Mr. Vallardes colluded with the investigators and crime lab involved in his 2009 state-court prosecution in a "symbiotic venture" to keep him from exposing the falsity of the evidence on which he is convicted. In particular, Plaintiff alleges that,

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A * 6**

because Judge Dorsey, Ms. Kirschner, and Mr. Vallardes all received training from law enforcement about polymerase chain reaction (PCR) DNA analysis,[1] they were in a symbiotic venture with state actors. In addition, Plaintiff claims that Judges Doty and Sleet committed fraud in issuing orders (wholly unrelated to this case) that discussed PCR DNA analysis in criminal cases.

1. Plaintiff's *Bivens* Claims

As a preliminary matter, Plaintiff frames his complaint as pursuant to § 1983 "and/or" *Bivens*. However, Plaintiff's claims necessarily fail if they are framed as *Bivens* claims for two reasons. First, as to the state crime lab defendants, Plaintiff's claims fail because state actors are not cognizable parties for purposes of a *Bivens* action. *Bivens*, 403 U.S. at 394 (concluding that the *Bivens* remedy is unique to federal officers).

Second, Plaintiff's claims as to the federal defendants—Judge Dorsey, Judge Doty, Judge Sleet, Ms. Kirschner, and Mr. Vallardes—fail because they would involve the extension of *Bivens* into a new context. *See Abbasi*, 137 S. Ct. at 1859-60. Plaintiff's claims sound in the First, Fourth, and Fourteenth Amendments. The Supreme Court has never recognized a *Bivens* claim based on a federal officer's violation of the First and Fourteenth Amendments. Insofar as the Court has recognized a *Bivens* claim for violations of the Fourth Amendment, Plaintiff's case is factually dissimilar from *Bivens* and therefore constitutes a new context. *See id.* at 1860 ("A case may differ in a meaningful way because of…the constitutional right at issue [or] the generality or specificity of the official action…").

---

[1] Polymerase chain reaction is a common technique to "amplify" a specific section of DNA by making copies of a sample in a test tube. PCR is often used in forensic analysis to create a DNA "fingerprint" based on a small sample. PCR is a widely accepted method in molecular biology and criminal forensic analysis. *See Polymerase Chain Reaction (PCR) Fact Sheet*, National Human Genome Research Institute, National Institute of Health (June 16, 2015), https://www.genome.gov/about-genomics/fact-sheets/Polymerase-Chain-Reaction-Fact-Sheet.

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A * 7**

Accordingly, Plaintiff fails to state a cognizable *Bivens* claim against the federal defendants.

Third, insofar as Plaintiff alleges *Bivens* claims against the United States directly, these claims must also fail because the United States may not be sued unless federal legislation specifically and explicitly authorizes the suit. *See Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 411-412 (1821).

The Court now turns to Plaintiff's § 1983 claims against each Defendant. For the reasons discussed below, the Court concludes that Plaintiff's claims should be dismissed *sua sponte* because his complaints fail to state claims for which relief can be granted.

2. § 1983 Claims Against the United States

The Court briefly disposes of these claims. As with the *Bivens* claims against the United States, these claims fail because the United States may not be sued unless Congress explicitly authorizes the suit. *Cohens*, 19 U.S. at 411-412. Furthermore, the federal government cannot be the subject of a § 1983 action because it is not a "person" for purposes of § 1983. *See District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973). Thus, insofar as Plaintiff alleges any § 1983 claims against the United States, he fails to state a claim under § 1915A(b)(1). The Court accordingly dismisses these claims.

3. § 1983 Claims Against Judge Dorsey

Plaintiff alleges that Judge Dorsey conspired with state investigators and crime lab regarding PCR DNA analysis in order to deprive him of his right to present his claims in his habeas proceeding. ECF No. 37 at 2. In addition, Plaintiff alleges that Judge Dorsey acted under color of state law and conspired with state actors by appointing him federal public defenders in his habeas proceeding. *Id.* at 5. Plaintiff characterizes his counsel, Ms. Kirschner and Mr. Vallardes, as state agents because they are admitted to the State Bar of Nevada. Plaintiff argues that,

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A * 8**

by appointing counsel, Judge Dorsey intended to conceal Plaintiff's arguments about PCR DNA evidence he was going to introduce in his habeas proceeding.

Plaintiff's allegations against Judge Dorsey fail to state a claim for which relief can be granted. As a federal judge, Judge Dorsey is protected from suit by the doctrine of judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (immunity from actions for damages). Furthermore, § 1983 provides judges with immunity from suits for injunctive relief arising from a judge's exercise of her judicial capacity, unless she violated a declaratory decree or declaratory relief was unavailable. Federal Courts Improvement Act of 1996, Pub. L. 104-317, (b)-(c), 110 Stat. 3847 (1996) (superseding *Pulliam v. Allen*, 466 U.S. 522 (1984)); *Moore v. Urquhart*, 899 F.3d 1094 (9th Cir. 2018).

Judge Dorsey's order directing appointment of counsel in Plaintiff's habeas case is undoubtedly a judicial act, was not in violation of a declaratory judgment, and there is no evidence Plaintiff was prohibited from seeking declaratory relief. Even if Judge Dorsey's order directing appointment of counsel was wrongly decided, Plaintiff has no grounds for the relief he seeks. *Stump*, 435 U.S. at 356-57 ("A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of his authority[.]"). Insofar as Plaintiff argues that Judge Dorsey acted in the absence of all jurisdiction, Plaintiff's argument fails to state a claim for relief because he only makes conclusory allegations that the court there lacked jurisdiction. *See Iqbal*, 556 U.S. at 664. Accordingly, Judge Dorsey is absolutely immune from liability for this act. Because Judge Dorsey is immune from suit, Plaintiff fails to state a claim under § 1915A(b)(1).

Plaintiff also fails to state a claim against Judge Dorsey insofar as he alleges that she conspired with state investigators and the state crime lab in a "symbiotic venture." Plaintiff alleges that Judge Dorsey is engaged in a conspiracy to protect the state investigators and crime lab that were involved in Plaintiff's underlying

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A * 9**

criminal conviction. ECF No. 37 at 6. In addition, Plaintiff alleges—without any factual support—that Judge Dorsey received training from state crime lab officials about a state and federal DNA database. These conclusory allegations are insufficient to show that Judge Dorsey and the state crime lab officials and investigators were engaged in a plan to violate Plaintiff's rights. Because Plaintiff's allegations consist of only conclusory statements, *see Iqbal*, 556 U.S. at 664, Plaintiff fails to state a claim under § 1915A(b)(1).

Accordingly, the claims against Judge Dorsey are dismissed.

4. § 1983 Claims Against Ms. Kirschner and Mr. Vallardes

Plaintiff brings similar claims against his court-appointed attorneys Ms. Kirschner and Mr. Vallardes. Plaintiff alleges that Mr. Vallardes and Ms. Kirschner are state actors by virtue of their membership in the Nevada bar association. ECF No. 37 at 12. Plaintiff alleges that Mr. Vallardes and Ms. Kirschner violated his right to litigate without active interference by appearing without his authorization in his habeas case. *Id.* at 11. In addition, Plaintiff alleges that Mr. Vallardes and Ms. Kirschner received training from state investigators and crime lab employees about PCR DNA analysis, thus making them state actors. *Id.*

Plaintiff's claims that Ms. Kirschner and Mr. Vallardes violated his right to litigate without active interference in his habeas case and that they conspired with state officials to prevent him from presenting his habeas case must fail. Plaintiff's claims fail to establish that Ms. Kirschner and Mr. Vallardes are persons for purposes of a § 1983 action. First, contrary to Plaintiff's assertions, Ms. Kirschner and Mr. Vallardes are not state actors by virtue of their employment as public defenders. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992) (finding that public defenders are not acting under color of state law for § 1983 purposes when acting as advocates); *Polk Cnty. v. Dodson*, 454 U.S. 312, 320-25 (1981). Courts have similarly found that federal public defenders—like Ms. Kirschner and Mr. Vallardes—do not act under color of federal law. *Cox v. Hellerstein*, 685 F.2d

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A** * 10

1098, 1099 (9th Cir. 1982) (citing *Polk Cnty.*, 454 U.S. 312 at 320-25). Furthermore, although the State Bar of Nevada is a public corporation, *see* Nev. Sup. Ct. R. 76, that does not necessarily mean that all actions by the Bar or its members qualifies as state action for purposes of § 1983. *Cf. San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee*, 483 U.S. 522, 546-47 (1987) (finding that the government cannot be held liable for the independent decisions of public corporations); *Jackson v. Metro. Edison Co.*, 419 U.S. 345 (1974) (finding that the government cannot be held liable under § 1983 for the actions of private corporations providing public utilities, even where the corporation is heavily regulated by the government).

Second, Plaintiff fails to show that Ms. Kirschner and Mr. Vallardes were engaged in a conspiracy with state officials to deprive him of his right to present evidence on PCR DNA analysis in his habeas case. As with his claims against Judge Dorsey, Plaintiff alleges—without any factual support—that a conspiracy existed because Ms. Kirschner and Mr. Vallardes received training about state and federal crime labs from state employees. This is not sufficient to state a claim of conspiracy under § 1983. *See Iqbal*, 556 U.S. at 664

Accordingly, the Court dismisses the claims against Ms. Kirschner and Mr. Vallardes.

5. § 1983 Claims Against Judge Doty and Judge Sleet

Plaintiff alleges that Judge David S. Doty, a district court judge from the District of Minnesota, and Judge Gregory M. Sleet, a retired district court judge from the District of Delaware, are part of a conspiracy to conceal material facts about PCR DNA analysis. ECF No. 37 at 6. In particular, Plaintiff cites one case authored by each judge that allegedly make certain claims about the use of PCR DNA analysis. *Id.*

First, as with the claims against Judge Dorsey, Judges Doty and Sleet are protected by absolute judicial immunity. Issuing orders in criminal cases regarding

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A * 11**

the admissibility of evidence is undoubtedly a judicial act, and there is no evidence that either judge acted completely outside their jurisdiction in issuing such orders. *See Stump*, 435 U.S. at 356-57 ("A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of his authority[.]"). In addition, Plaintiff's conclusory allegations that Judge Doty and Judge Sleet are engaged in a conspiracy to conceal evidence about PCR DNA analysis is wholly unsupported. *See Iqbal*, 556 U.S. at 664

Accordingly, Plaintiff fails to state a claim for purposes of § 1915A(b)(1) and the Court dismisses those claims.

6. § 1983 Claims Against John Does

Finally, Plaintiff alleges claims against a litany of John Doe defendants, including administrators of state and federal crime labs and the Director of the FBI. ECF No. 37 at 3. Plaintiff does not include any factual support for his allegations that these defendants were engaged in conduct that amounts to a conspiracy with any of the other defendants. Conclusory allegations are insufficient to state a claim for conspiracy. *See Iqbal*, 556 U.S. at 664.

Accordingly, the Court finds that Plaintiff fails to state a claim against the Doe defendants under § 1915A(b)(1) and dismisses those claims.

**Opportunity to Amend or Voluntarily Dismiss Complaint**

In general, leave to amend should be granted following dismissal of a complaint unless it is absolutely clear that amendment would be futile. *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010); Fed. R. Civ. P. 15(a). However, as the Court stated in its prior Order, if Plaintiff chooses to amend his complaint and the Court finds the amended complaint is frivolous, malicious, or fails to state a claim, the amended complaint will be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2). Such a dismissal would count as one of the dismissals under 28 U.S.C. § 1915(g).

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A * 12**

As detailed above, the Court finds that Plaintiff's First Amended Complaint fails to state a claim against any named defendant. The Court previously gave Plaintiff notice of the deficiencies in his original complaint and he has failed to correct them; accordingly, the Court will not give Plaintiff leave to amend his claim a second time. *See Foman v.* Davis, 371 U.S. 178, 182 (1962). <u>The Court cautions Plaintiff that this dismissal may count as one of his three "strikes" under 28 U.S.C. § 1915(g) and may adversely his ability to bring claims in the future. Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915.</u> Accordingly, the Court dismisses the complaint pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's First Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 and/or *Bivens* Action and Motion for Injunctive Relief and Restraining Order to Prevent Irreparable Harm to *Peck v. Williams*, Case No. 2:17-cv-01620-JAD-VCE per 28 U.S.C. § 2254, ECF No. 37, is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

2. Any outstanding motions are **DISMISSED as moot**.

**IT IS HEREBY ORDERED**. The District Court Clerk is hereby directed to enter this Order, enter judgment in Defendants' favor, forward a copy to Plaintiff, and **close** the file. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 27th day of February 2020.

Stanley A. Bastian
United States District Judge

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915A** * 13